## COBB *v.* DAUGHTRY *et al.*

ATKINSON, Presiding Justice. 1. "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code, § 20-906. If an attorney at law informed a woman residing in Pennsylvania that her father, who resided in Georgia, had recently been killed, and falsely represented to her that her father had left a will in which he bequeathed to her the sum of one dollar; that the will was under lock and key, and he was in position to destroy it; that she needed a lawyer in order to get her part of her father's estate, because all the family was unwilling for her to have any part of the estate, and there would be long litigation and much expense (her part amounting to about $5000), and, acting on such false representations which she believed, she executed to him a general power of attorney to represent her in that matter, and signed with him a contract agreeing to give him fifty per cent. of such amount as he might recover, such false representations would amount to actual fraud on the part of the attorney, which would authorize repudiation of the power of attorney and rescission of the contract of employment. See 7 C. J. S. 1049, § 181; 13 C. J. 611, § 652.

(*a*) The contract of employment being executory, and the respondent not being equally at fault in the matter of destroying a falsely reported will, the attorney could not, under the equitable doctrine of non-interference between parties equally at fault (Code, § 37-112), estop the respondent from repudiating the contract of employment on the ground of fraud of the attorney which induced her to sign it.

(*b*) On the hearing of the petition for interpleader, and the response of the decedent's daughter setting forth her right as an heir at law to a distributive share in the estate, and repudiating the power of attorney and the contract of employment, the judge did not err in overruling the general demurrer of the attorney to that response.

(*c*) The verdict and decree in favor of the attorney for $2000 were not erroneous as against the attorney.

*Judgment affirmed. All the Justices concur.*

No. 12738. April 15, 1939.

*T. J. Evans* and *O. Frank Brant,* for plaintiff in error.

*R. Lee Moore, E. K. Overstreet, D. C. Jones,* and *Henry Howard,* contra.